## FLEISHER ENGINEERING & CONSTRUCTION CO. ET AL. v. UNITED STATES FOR THE USE AND BENEFIT OF HALLENBECK.

No. 15. Argued October 17, 18, 1940.—Decided November 12, 1940.

*Mr. Frank Gibbons* for petitioners.

*Mr. Edwin J. Culligan,* with whom *Alice B. Marion* was on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The United States brought this suit on behalf of George S. Hallenbeck to recover upon a bond given by Fleisher Engineering & Construction Company and Joseph A. Bass, with their sureties, and providing for the payment for labor and material furnished under a contract between the principals on the bond and the United States for the construction of a certain housing project. Part of the labor required by the contract was performed by Hallenbeck for a subcontractor with the approval of the contractors. The suit was brought under the Miller Act of August 24, 1935, 40 U. S. C. 270b. Plaintiff obtained a summary judgment (30 F. Supp. 964) which the Circuit Court of Appeals affirmed. 107 F. 2d 925.

The applicable provision of the Miller Act is set forth in the margin.[1] The question is whether the giving of

---

[1] Section 2 of the Act of August 24, 1935, c. 642, 49 Stat. 794, 40 U. S. C., § 270b, provides:

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: *Pro-*

the required written notice to the contractor was sufficient, as it was not sent by "registered mail." The Circuit Court of Appeals held that as the receipt of written notice was conceded and the contents of the notice were adequate, the statute was satisfied. In view of alleged conflict with the decision in *United States for the use of John A. Denie's Sons Co.* v. *Bass,* 111 F. 2d 965, we granted certiorari. 309 U. S. 693.

In construing the earlier Act, the Heard Act, for which the Miller Act is a substitute, we observed that it was intended to be highly remedial and should be construed liberally. *United States for the use of Alexander Bryant Co.* v. *New York Steam Fitting Co.,* 235 U. S. 327, 337; *Illinois Surety Co.* v. *John Davis Co.,* 244 U. S. 376, 380; *Fleischmann Construction Co.* v. *United States,* 270 U. S. 349, 360. We recognized that the statute created a new right of action and that compliance with the prescribed limitation was essential to the assertion of the right conferred. Accordingly, as it was provided that a material-man could not bring suit on the contractor's bond in the name of the United States within six months from completion and settlement, the Court held that

---

*vided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."

this provision plainly conditioned the right to sue. *United States ex rel. Texas Portland Cement Co.* v. *McCord,* 233 U. S. 157, 162, 163. That ruling was distinguished in the case of the *Alexander Bryant Company, supra,* where it was held that the provision of the Act requiring notice to be given to other creditors by the creditor availing himself of the right to sue within the specified year, if the Government did not bring suit within six months after completion, was not "of the essence of jurisdiction over the case" or "a condition of the liability" of the surety on the bond. In short, a requirement which is clearly made a condition precedent to the right to sue must be given effect, but in determining whether a provision is of that character the statute must be liberally construed so as to accomplish its purpose. "Technical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute." *Illinois Surety Co.* v. *John Davis Co., supra.* The same principle should govern the application of the Miller Act.

In the instant case, we may lay on one side the fact that the notice was addressed to the project engineer. As the court below said, it was admitted that the notice was in writing and was sent by mail and that it reached one of the two contractors who had jointly and severally agreed to perform the contract. And at this bar, the actual receipt of the notice and the sufficiency of its statements have not been challenged.

In giving the statute a reasonable construction in order to effect its remedial purpose, we think that a distinction should be drawn between the provision explicitly stating the condition precedent to the right to sue and the provision as to the manner of serving notice. The structure of the statute indicates the distinction. The proviso, which defines the condition precedent to suit, states that the material-man or laborer "shall have a

right of action upon the said payment bond upon giving written notice to said contractor" within ninety days from the date of final performance. The condition as thus expressed was fully met. Then the statute goes on to provide for the mode of service of the notice. "Such notice shall be served by mailing the same by registered mail, postage prepaid," or "in any manner" in which the United States marshal "is authorized by law to serve summons." We think that the purpose of this provision as to manner of service was to assure receipt of the notice, not to make the described method mandatory so as to deny right of suit when the required written notice within the specified time had actually been given and received. In the face of such receipt, the reason for a particular mode of service fails. It is not reasonable to suppose that Congress intended to insist upon an idle form. Rather, we think that Congress intended to provide a method which would afford sufficient proof of service when receipt of the required written notice was not shown.

In this view we conclude that the Circuit Court of Appeals correctly disposed of the case and its judgment is

*Affirmed.*