**UNITED STATES for the Benefit of TRANE COMPANY**

v.

**DENTON PLUMBING AND HEATING, Inc., et al.**

Civ. No. 5295.

United States District Court
N. D. Texas, Dallas Division.

March 16, 1954.

Ungerman, Hill & Ungerman, Dallas, Tex., for plaintiff.

Cantey, Hanger, Johnson, Scarborough & Gooch, Ft. Worth, Tex., for Houston Fire & Casualty Ins. Co.

Bruce Davis and John L. Sullivan, Denton, Tex., for defendants.

ATWELL, Chief Judge.

The plaintiff claims that it furnished certain labor and material in the completion of the defendant's plant, and that it has not been paid for such labor and material.

The suit is brought under the provisions of Sec. 270b, Title 40 U.S.C.A., which deals with the rights of persons furnishing labor, or material, in the prosecution of work in which a payment bond is furnished.

This statute provides that if the amount has not been paid in full before the expiration of ninety days after the date on which the last of the labor was done, or performed, or material furnished, it shall have the right to sue on such payment bond for the amount or balance thereof, provided written notice is given to said contractor within ninety days of the date on which said person performed the last of the labor, or furnished the last of the material, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished, or supplied, or for whom the labor was done or performed. Such notice shall be served by mailing same by registered

mail, postage paid, in an envelope addressed to the contractor.

The facts in this particular case bring it clearly within the statute.

The Miller Act has been construed and followed many times in this court, and its applicable provision will be found in Sec. 2, 40 U.S.C.A. § 270b, as stated above.

■ The courts have liberally construed this statute because of its remedial purpose. United States for Use and Benefit of Hallenbeck v. Fleisher, etc., 2 Cir., 107 F.2d 925, and affirmed in 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12. In the latter case the Supreme Court said the manner of giving the prescribed notice should be liberally construed in aid of its remedial purpose.

■ The facts here fit squarely within this Act and statute, and the plaintiff is entitled to recovery.