A. B. COOLEY, d/b/a, etc., Plaintiff, Appellant,

v.

BARTEN & WOOD, Inc., et al., Defendants, Appellees.

No. 5284.

United States Court of Appeals First Circuit.

Heard Nov. 6, 1957.

Decided Dec. 5, 1957.

Malcolm S. Stevenson, Bangor, Me., with whom Gerald E. Rudman, Bangor, Me., was on brief, for appellant.

John W. Ballou, Bangor, Me., for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by the plaintiff from a summary judgment for the defendants granted by the United States District Court for the District of Maine.

The plaintiff brought action under the Miller Act, 49 Stat. 794 (1935), 40 U.S. C.A. § 270b, against the principal contractor, Albert A. Lutz Company, Inc., and its sureties, for materials supplied to Lutz's subcontractor, Barten & Wood, Inc., to be used in the erection of a hangar at a United States Air Force Base in Limestone, Maine.

Plaintiff and Barten & Wood, Inc. entered into a contract on April 16, 1954 for the supplying of cinder block and other masonry materials, and shipments were made under this contract from time to time until December 17, 1954 when Barten & Wood, Inc. requested an interruption in the delivery of the materials until the following spring "owing to the progress of the work." Barten & Wood, Inc., hereafter referred to as the subcontractor, continued to make payments on account of the materials already supplied until April 9, 1955, at which time it promised that payment in full for all past materials would be made on May 1, 1955. This promise was not kept and thereafter the subcontractor was adjudicated bankrupt. On May 9, 1955 plaintiff notified Lutz, the principal contractor, in writing of the default in payment by the subcontractor.

The main issue here is whether this notice of May 9, 1955 meets the requirements of § 270b(a) of the Miller Act which provides in part:

"* * * That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. * * *"

 We shall first deal with plaintiff's contention that there was no necessity for a ninety day notice by him as there was an implied contract between himself and Lutz and, therefore, the plaintiff's right of action was derived from the part of § 270b(a)[1] providing for

---

1. "Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is fur-

materialmen who deal directly with principal contractors and not from the proviso quoted above relating to materialmen who deal with subcontractors. This contractual relationship is said to rise out of Lutz's knowledge of the aforesaid contract between plaintiff and the subcontractor and also because Lutz sent directly to the plaintiff a copy of a letter from Lutz to the subcontractor concerning the date of delivery and the quality of the materials. These facts alone do not create a contractual relationship between Lutz and the plaintiff. The district court was correct in holding that there was no genuine issue of fact as to the existence of an implied contract directly between Lutz and plaintiff.

The plaintiff's rights must be based on his contract with the subcontractor. The first question presented is whether the notice given to Lutz on May 9, 1955 was given within ninety days "* * * from the date on which such person * * * supplied the last of the material for which such claim is made." It is undisputed that no material was delivered after December 17, 1954, and after that date nothing further was done by the plaintiff in connection with the material delivered prior to December 17, 1954. Cf. United States for Use and Benefit of P. A. Bourquin & Co. v. Chester Const. Co., 2 Cir., 1939, 104 F.2d 648. We must conclude, therefore, that the ninety day notice period began on December 17, 1954.

In essence the plaintiff argues that in the instant case the Miller Act should not be so construed as to hold that the giving of notice within the ninety day period is a condition precedent to its right of recovery. However, in Fleisher Engineering & Construction Co. v. United States, 1940, 311 U.S. 15, 18, 19, 61 S.Ct. 81, 83, 85 L.Ed. 12, which held

nished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is

that when the principal contractor admitted receipt of the notice, there was no necessity of registered mail, Chief Justice Hughes said:

"In giving the statute a reasonable construction in order to effect its remedial purpose, we think that a distinction should be drawn between the provision explicitly stating the condition precedent to the right to sue and the provision as to the manner of serving notice. The structure of the statute indicates the distinction. The proviso, which defines the condition precedent to suit, states that the material-man or laborer 'shall have a right of action upon the said payment bond upon giving written notice to said contractor' within ninety days from the date of final performance. The condition as thus expressed was fully met. * * * We think that the purpose of this provision as to manner of service was to assure receipt of the notice, not to make the described method mandatory so as to deny right of suit when the required written notice within the specified time had actually been given and received. * * *"

■ It is essential for the purpose of the notice that it be given within a certain period. Therefore the giving of the notice within the ninety day period is a condition precedent of the plaintiff's right of action under the Miller Act. The reason for setting a time limit, such as this ninety day period, on the sending of notice to the principal contractor was made clear in Bowden v. United States, 9 Cir., 1956, 239 F.2d 572, 577, 578, certiorari denied United States ex rel. Malloy v. Bowden, 1957, 353 U.S. 957, 77 S.Ct. 864, 1 L.Ed.2d 909, where it was stated:

made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: * *."

"* * * it was the intent of Congress to fix a time limit after which the prime contractor could make payment to the subcontractor with certainty that he would not thereafter be faced by claims of those who had supplied labor and materials to the subcontractor. * * * A brief letter from the supplier to the prime contractor will make certain and unambiguous the rights and liabilities of all concerned—the supplier, the prime contractor, and the surety. We do not believe that Congress intended to have it held that such little expenditure of effort is too much diligence to require of a supplier in order that he may secure his right of action on the payment bond."

A judgment will be entered affirming the judgment of the district court.