260

UNITED STATES, to the Use of ENGI-
NEERING and EQUIPMENT COMPA-
NY, Incorporated, a Florida corporation,
Plaintiff,

v.

W. B. WYATT, doing business as the
Wyatt Construction Company, a sole
proprietorship, and the Continental Cas-
ualty Company, Incorporated, an Illi-
nois corporation, Defendants.

No. 453.

United States District Court
N. D. Florida,
Marianna Division.

June 10, 1959.

Ralph Julian Bennett, Jr., Panama
City, Fla., for plaintiff.

W. E. Garner, Montgomery, Ala., for
W. B. Wyatt and Continental Casualty
Company.

CARSWELL, Chief Judge.

This proceeding was initiated under
the Miller Act (40 U.S.C.A. § 270b) to
recover the unpaid balance for plumbing
supplies. The claim by a materialman
seeks recovery against the prime con-
tractor and upon the bond of the latter's
surety for failure of the subcontractor
(with whom the use plaintiff dealt) to
pay for the materials furnished in con-

nection with the latter's contract with the prime contractor. In their answers the prime contractor and the surety interposed the defense that more than 90 days had elapsed between the furnishing of the last materials and the giving of the requisite notice to the prime contractor of the present claim in accordance with 40 U.S.C.A. § 270b(a).

By motion for summary judgment the use plaintiff seeks to dispel that contention. The undisputed facts show that the last item supplied by the materialman to the subcontractor was a thermometer; it was placed aboard a bus, with shipping costs prepaid in the materialman's city, on September 26, 1957, and forwarded to the subcontractor; it was received by the subcontractor on the following day and was not affixed to the construction job until at least September 27, 1957, or perhaps even one or two days later. Notice was received in the office of the prime contractor on December 26, 1957, that the subcontractor had not paid the materialman. According to the reasoning of the defendants, such notice was ineffectual as it came one day too late. According to the use plaintiff, the notice was perfected on the last day possible.

■■ The Miller Act (40 U.S.C.A. § 270b(a) gives a right of action to unpaid labors and materialmen who shall give " * * * written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or *furnished or supplied the last of the material* for which such claim is made * * *". (Emphasis supplied.) Was notice given within 90 days from the furnishing or supplying of the last material? While there is a dearth of controlling precedent, notice provisions of mechanics' lien statutes are applicable here by analogy.

"As a general rule, the last materials are furnished, so as to start the statutory period running for filing a claim of lien, on the date of the last actual delivery on the prem-ises or at some point where title to the materials passes from the seller to the purchaser." 57 C.J.S. Mechanics' Liens § 144a(2).

■ Because of the remedial nature of the Miller Act, it should receive a liberal construction to effectuate its purpose. United States, for Use and Benefit of Hallenbeck v. Fleisher Engineering & Construction Company, 311 U.S. 15, 61 S. Ct..81, 85 L.Ed. 12, and Houston Fire & Casualty Insurance Company v. United States, for Use and Benefit of the Trane Company, 5 Cir., 217 F.2d 727.

Giving the use plaintiff the benefit of any doubt, then it cannot be said that the thermometer was "furnished or supplied" within the meaning of the Act until it reached the hands of the subcontractor, which was September 27, 1957. Even so, defendants argue that by computing time beginning with the above date, notice was one day short. Using the formula made applicable here by its own terms, the Court cannot agree. Federal Rule of Civil Procedure 6(a), 28 U.S.C.A., provides: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included. * * * *" Using this formula the first day (September 27, 1957) for giving notice was not counted, but the last day (December 26, 1957) was so counted, and hence, notice was perfected on the last day possible.

■ Concluding then that Federal Rule of Civil Procedure 6(a) is applicable here to the Miller Act, and that the notice required under the Act was timely given, the use plaintiff shall prevail on his motion for summary judgment.

An appropriate order in conformity herewith will be entered this date, with interest from date of notice of claim to defendants.