UNITED STATES of America to the Use of TECOT ELECTRIC SUPPLY CO.

v.

NEW AMSTERDAM CASUALTY CO.

Civ. A. No. 27715.

United States District Court
E. D. Pennsylvania.

April 20, 1960.

Isadore S. Wachs, Philadelphia, Pa., for Tecot Electric Supply Co.

Robert F. Cushman (of Cushman & Obert), Philadelphia, Pa., for defendant.

GOODRICH, Circuit Judge.

The use plaintiff (plaintiff), a supplier of a subcontractor, brings this action against the surety of the prime contractor on a payment bond furnished pursuant to a contract between the prime

contractor and the Department of the Navy dated June 17, 1958. Plaintiff claims for supplies rendered the subcontractor.

The defendant moves to dismiss because the plaintiff has not alleged that it gave written notice to the contractor within ninety days after plaintiff supplied the last of the materials as prescribed by Section 2 of the Miller Act.[1] Plaintiff's complaint says that "the defendant, the prime contractor and subcontractor have had more than ninety (90) days notice of" the claim, but it does not say that the plaintiff gave notice in writing in accordance with the provisions of the statute. Plaintiff argues rather that such notice is not mandatory and that the only requirement is that the fact of the plaintiff's claim be known.

This position is not well taken. Where the claimant has had no direct contractual relationship (express or implied) with the prime contractor, notice in writing is mandatory.[2] If the plaintiff cares to amend its complaint to allege the notice required by the statute, it may

do so. Otherwise, the motion to dismiss will be granted because the complaint fails to state a claim against the defendant upon which relief can be granted.

---

1. "(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: *Provided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving *written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made,* stating with substantial

accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which 'the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons." 40 U.S.C.A. § 270b(a) (emphasis added).

2. United States for the use of American Radiator Corp. v. Northwestern Engineering Co., 8 Cir., 1941, 122 F.2d 600, 602; Bowden v. United States for the use of Malloy, 9 Cir., 1956, 239 F.2d 572, 577; United States for the use of J. A. Edwards Co. v. Thompson Const. Corp., D.C.S.D.N.Y.1959, 172 F.Supp. 161, 163. Cf. Fleisher Engineering & Const. Co. v. United States for the use of Hallenbeck, 1940, 311 U.S. 15, 18–19, 61 S.Ct. 81, 85 L.Ed. 12. See also United States for the use of Old Dominion Iron & Steel Corp. v. Massachusetts Bonding & Ins. Co., 3 Cir., 1959, 272 F.2d 73.