**UNITED STATES of America for the Use and Benefit of FIELD AND ASSOCIATES, INC., Plaintiff,**

**v.**

**GLOBE INDEMNITY COMPANY et al., Defendants.**

**Civ. A. No. 4884.**

United States District Court
S. D. Ohio, W. D.
Aug. 8, 1962.

Paul Tague, J. Paul McNamara, Columbus, Ohio, for defendant Globe Indemnity Company, et al.

John O. Harper, Springfield, Ohio, for plaintiff Field and Associates, Inc.

JOHN W. PECK, District Judge.

This is a Miller Act (40 U.S.C. § 270b) action brought by a supplier of materials and labor against a subcontractor, the general contractor and its bonding company to recover for labor and materials furnished. The subcontractor and general contractor being in financial difficulties, the receiver for the former and trustee in bankruptcy for the latter were served with copies of the Amended Complaint, but the sole moving party on the Motion for Summary Judgment here under consideration is the bonding company. There being no genuine issue as to any material fact, the matter is properly before the Court under Rule 56(b) and (c) of the Federal Rules of Civil Procedure.

The undisputed facts disclose a failure of compliance with the letter of the law (40 U.S.C. § 270b(a)),[1] and the only question is therefore whether there was any compliance with the spirit of that law which would permit plaintiff's maintenance of this action.

That provision of the Miller Act requires the giving of notice within the prescribed time by registered mail, return receipt requested, by a party in the position of the present plaintiff as a condition precedent to recovery.[2] Virtually the only tempering of strict compliance with this section exists where a notice otherwise proper was actually received by the general contractor by regular mail. (Fleisher Engineering & Construction Co. v. United States for Use and Benefit of Hallenbeck, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940). On the other hand, actual notice on the part of the general contractor, when received from some extraneous or third party source, has been held insufficient. (United States of America to Use of Tecot Electric Supply Co. v. New Amsterdam Casualty Co., 185 F.Supp. 316 (E.D.Pa. 1960), and United States of America for Use of Old Dominion Iron & Steel Corp., v. Massachusetts Bonding & Insurance Company, 272 F.2d 73 (3rd Cir. 1959)).

Lack of sufficient notice herein appearing from the answers to interrogatories propounded to the plaintiff and from the affidavits filed, it is here concluded that the Motion for Summary Judgment filed by the Globe Indemnity Company is well taken and should be granted.

1. 40 U.S.C. § 270b(a): "* * * *Provided, however*, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."

2. Answers to interrogatories and plaintiff's affidavit here establish that within ninety days after the plaintiff performed labor or furnished materials for which claim is here made, the plaintiff's account was transmitted by the subcontractor to the general contractor for direct payment by the latter. It further appears that the matter had been referred to the defendant herein, as surety for the general contractor, which knew that its principal could not meet this obligation.