348 F.2d 687
 WOODS CONSTRUCTION CO., INC., a corporation, and American
Casualty Company, a corporation, Appellants,
v.
POOL CONSTRUCTION COMPANY, a partnership composed of Vernon
L. Pool and Jesse T. Pool, Appellees.
 No. 7877.
 United States Court of Appeals Tenth Circuit.
 July 16, 1965.
 
 R. L. Davidson, Jr., Tulsa, Okl. (James R. Jessup, Tulsa, Okl., on the brief), for appellant Woods Const. Co.
 J. Warren Jackman, Tulsa, Okl. (Wheeler & Wheeler, Tulsa, Okl., on the brief), for appellees.
 Before BREITENSTEIN, HILL and SETH, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 This is a Miller Act[1] case brought below by appellee Pool Construction Company, a partnership, against appellants Woods Construction Company, Inc., as prime contractor on a government project, its surety, under the Miller Act, American Casualty Company, a corporation, and Smith Road Construction Company, Inc., a subcontractor on the project, to recover for materials 'furnished and supplied.' The parties will be hereinafter referred to as Pool, Woods and Smith Road.
 
 
 2
 Upon the original trial, judgment was rendered in favor of the plaintiff and against all of the defendants. On appeal, we vacated the judgment and remanded the case for the making of findings of fact in accordance with Rule 52(a), F.R.Civ.P., and left the case open for the taking of additional evidence, if necessary.[2] Thereafter, the trial judge received additional evidence, made findings of fact and conclusions of law and entered judgment for the plaintiff and against all of the defendants. Woods and American Casualty have appealed from that judgment.
 
 
 3
 At the outset we are confronted with the question of whether Pool was a furnisher or supplier of materials under the Miller Act. The crucial facts pertaining to this question, and as found generally by the trial court, are as follows:
 
 
 4
 Pool had a lease from the landowner on a rock quarry site, by the terms of which he was permitted to mine and take rock from the quarry. As consideration for the lease, he was required to pay the landowner royalty on the rock removed. Woods was the prime contractor on a government project, within the Miller Act, relocating certain state highways. This project was located in the general area of the rock quarry. Smith Road, a subcontractor on the project under Woods, by an agreement or 'arrangement,' as it was called by the trial judge, with Pool, moved a rock crusher to the quarry site, mined, removed and crushed rock for its use in the performance of the subcontract. Smith Road agreed to pay Pool royalty for the rock mined at the rate of thirteen cents per ton measured after crushing.[3] Its alleged failure to fully pay for rock taken brought about this litigation.
 
 
 5
 We are aware of the numerous decisions holding in effect that the Miller Act is remedial in character and entitled to a liberal construction in order to effectuate the congressional intent.[4] But, it must also be kept in mind that the right of action itself is a statutory one[5] and we believe that recovery should only be permitted where one claiming to be a materialman actually qualifies as such. Counsel on neither side has cited any case directly in point and our own research has revealed none.
 
 
 6
 In denoting those who come within the Act as materialmen, the statute reads, 'who has furnished labor or material' and 'material was furnished or supplied by him.' For Pool to be such a materialman, we must be able to conclude, as a matter of law, under the facts that he furnished or supplied material. With reference to their use in this statute the words 'furnished or supplied' have no special meaning or connotation and we must consider them as ordinarily used. We do agree with appellee to the extent that there may be circumstances under which someone other than the owner could be deemed, under the Act, as a furnisher or supplier but no such circumstances are present in this case.
 
 
 7
 Under the lease from the landowner, Pool did not have title to the rock in place, but acquired only the exclusive possession of the deposits of rock together with the right to mine and reduce the same to ownership.[6] Therefore, under his so-called 'arrangement' with Smith Road, he could only give to it whatever right he had acquired from the landowner, that being the right to go upon the land to mine and reduce the rock to ownership. Smith Road only paid for and exercised this right given to it by Pool. As a lessee of the quarry, Pool merely subleased the quarry to Smith Road thus permitting Smith Road to move its rock crushing machinery to the site of the quarry, mine the rock and crush it. For this right Smith Road paid a royalty to Pool on the basis of the quantity of rock mined from the quarry. Another factual matter should also be noted, as we believe it further removes Pool from his claimed position as a materialman. The mined rock, which Smith Road removed from the quarry and reduced to ownership, was then processed by crushing, in which new form it went into the road project. We cannot say under these circumstances that Pool 'furnished or supplied' material for the project.
 
 
 8
 Appellant asserted several other defenses in the trial court, all of which were rejected but again urged here. In view of our disposition of the materialman question, we need not give consideration to those additional questions.
 
 
 9
 That part of the judgment appealed from is reversed.
 
 
 
 [1]
 40 U.S.C. 270a et seq
 
 
 [2]
 Woods Construction Company v. Pool Construction Company, 314 F.2d 405 (10th Cir., 1963)
 
 
 [3]
 The agreement between Pool and Smith Road was oral but was partially verified by letter from Smith Road to Pool as follows: 'Dear Sir: This letter is to verify the conversation between Mr. Wm. R. Smith and Mr. Vernon Pool stating that the amount of $ .13 per ton Royalty would be paid for materials removed from your pit located at Nowata, Oklahoma.'
 
 
 [4]
 E.g. United States for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957); Fleisher Engineering & Construction Company v. United States, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940); McWaters and Bartlett v. United States, 272 F.2d 291 (10th Cir., 1959); United States for Use and Benefit of Hopper Bros. Quarries v. Peerless Casualty Company, 255 F.2d 137 (8th Cir., 1958), cert. denied, 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958)
 
 
 [5]
 Cf. Clifford F. MacEvoy Company v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163 (1944) and United States, for Use and Benefit of Austin v. Western Electric Co., Inc., 337 F.2d 568 (9th Cir., 1964). See also United States, for Use of Bruce Co. v. Fraser Const. Co., Inc., 87 F.Supp. 1. (D.C.W.D.Ark.1949)
 
 
 [6]
 Lynch v. Alworth-Stephens Co., 267 U.S. 364, 45 S.Ct. 274, 69 L.Ed. 660 (1925)