414 P.2d 961

**WHITING BROTHERS CONSTRUCTION COMPANY, Inc., a corporation, Plaintiff and Appellant,**

v.

**:M & S CONSTRUCTION AND ENGINEERING COMPANY, a corporation, Kent Hoyt, Smith Welding and Steel, et al., Defendants and Respondents.**

No. 10390.

Supreme Court of Utah.

June 3, 1966.

Ray, Quinney & Nebeker, Don B. Allen, Salt Lake City, for appellant.

**44**

Robert L. Gardner, Cedar City, for respondents.

CALLISTER, Justice:

This is an appeal from an action involving the so-called Miller Act[1] wherein defendant subcontractors, Hoyt and Smith, were awarded summary judgments, upon their counterclaims, against plaintiff prime contractor, Whiting Brothers Construction Company, Inc., and its surety.

Whiting Brothers was engaged to do construction work at the Cedar City, Utah airport.[2] It subcontracted a portion of the project to M & S Construction and Engineering Company which, in turn, contracted with Hoyt and Smith for certain services and materials which were furnished. M & S went defunct and failed to pay its obligations to Hoyt and Smith.

The only question here involved is whether Hoyt and Smith are precluded from recovery from Whiting Brothers and its surety by reason of their failure to strictly comply with the provisions of the Miller Act. The pertinent provision[3] of this federal statute reads:

Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond *upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.*

Hoyt and Smith did not comply with the italicized portion of the foregoing quoted provision. However, the uncontradicted evidence (by way of affidavit) was to the effect that Hoyt and Smith, prior to the expiration of the ninety-day period, discussed their claims with responsible agents of Whiting Brothers and were assured that something would be done to take care of them. Furthermore, an attorney for Whiting wrote Hoyt and Smith, and other claimants, a letter acknowledging the default of M & S and advising that steps were being taken to rectify the situation, if possible.

The Miller Act's dominant purpose is to protect laborers and materialmen

---

1. 40 U.S.C.A. § 270a et seq.

2. Supported by federal funds.

3. 40 U.S.C.A. § 270b.

of subcontractors and it should be liberally construed to effectuate this purpose. The purpose of the ninety-day notice was to enable the prime contractor to protect himself and his surety against a delinquent or defaulting subcontractor.[4]

The service and material furnished by Hoyt and Smith are not questioned or the value thereof. Also not questioned or refuted is the fact that Whiting Brothers was aware of the claims, their nature and amount, prior to the expiration of the ninety-day prescribed period. Written notice of these claims would have served Whiting Brothers nothing. It would have been a useless act by Hoyt and Smith. Under the circumstances of this case, strict compliance of the Miller Act would have served no useful purpose and, therefore, Whiting Brothers is prevented from asserting, as a defense, the failure of Hoyt and Smith to give the ninety-day written notice.[5]

Affirmed. Costs to defendants.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

4. United States for Use and Benefit of Hallenbeck v. Fleisher Engineering and Construction Co. (2d Cir.) 107 F.2d 925, aff'md 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12.

5. United States for Use and Benefit of Hopper Bros. Quarries v. Peerless Casualty Co., (8 Cir. 1958), 255 F.2d 137, cert. den. 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69.