**STATE ROADS COMMISSION to the use of Mobil Oil Corporation**

v.

**CONTEE SAND & GRAVEL COMPANY, Inc., and Maryland Casualty Company.**

**Civ. No. 20730.**

United States District Court
D. Maryland.
Jan. 14, 1970.

William A. Fisher, Jr., and William R. Dorsey, III, Baltimore, Md., for plaintiff.

John J. Ghingher, Jr., Theodore R. McKeldin, Jr., and Weinberg & Green, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

This is an action by a sub-subcontractor on a payment bond given by the principal contractor under the terms of Article 90, § 11 of the Annotated Code of Maryland. The pertinent language of that statute, with some minor variations, is the same as that of the Miller Act, 40 U.S.C. § 270b(a), as was noted by the Court of Appeals in Montgomery County v. Glassman, 245 Md. 192, 225 A.2d 448 (1967).

Both defendants have moved to dismiss the amended complaint because it fails to allege that written notice was given to defendants in accordance with the provisions of Article 90, § 11(c).[1] The amended complaint alleges that "on or about April 28, 1967, Mobil Oil Corporation notified the Defendant, Contee Sand & Gravel Company, Inc., by regular mail which was received by the Defendant, Contee Sand & Gravel Company, Inc." of the amount due on deliveries of materials made to Tri State Excavating Co., a subcontractor of Contee, based on orders given between October 6, 1966 and February 3, 1967.[2] A copy of the letter has been filed in the proceedings. It was addressed to Maryland Casualty Co., and carried a notation showing that copies were sent to Contee and others. The original was sent by certified mail to the Maryland Casualty Co., but the copy to Contee was sent by ordinary mail. Counsel for Contee have advised the Court that Contee admits receiving the copy of the letter on or about April 28, 1967, or within a week thereafter. Coun-

---

1. "(c) Suits on payment bonds—Right to institute.—Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under this section and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final judgment and execution for the sum or sums justly due him; provided, however, that any person having direct contractual relationship with a subcontractor of the contractor, or with any sub-subcontractor of the contractor but no contractual relationship express or implied with the contractor furnishing said payment bond, shall have a right of action upon the payment bond upon giving written notice to the contractor within ninety (90) days from the date on which such person did, or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence."

2. There is a factual dispute as to whether the notice was sent within 90 days from the date on which Mobil furnished the last of the material on which its claim is made. There is also a dispute with respect to the place of delivery and the use to which the material supplied by Mobil was put by Tri State. These matters will have to be considered at the trial.

sel for defendants have not indicated any way in which defendants have been prejudiced by the failure of Mobil to send the letter to Contee by registered or certified mail, in accordance with the letter of the statute.

■ There is no Maryland decision directly on point, but defendants rely on a dictum in Montgomery County Board of Education v. Glassman Construction Co., Inc., 245 Md. 192, 202, 225 A.2d 448 (1967), where the Court said: "We regard it as significant in the question of statutory construction that the manner in which the notice is to be mailed is carefully set forth. Not only must postage be prepaid, but ordinary mail is not sufficient; the notice must be sent by registered or certified mail." The question which the Court was considering at that point, however, was whether the ninety-day notice requirement contained in Article 90, § 11(c) is met if a notice letter is mailed on or before the ninetieth day although not received by the principal contractor until after the ninetieth day. Immediately after the passage quoted above referring to the mailing requirement the Court said: "The Legislature has eliminated claims of alleged oral notice as fulfilling the 90 day requirement and has provided, in effect, that receipt of the written notice by the contractor is essential to prove the mailing. These provisions do not, of themselves, answer the question of the legislative intent, but they may properly be taken as some evidence of an intent that, with the protection they give the contractor against unsupported claims of mailing, the mailing of the notice tolls the statutory period." 245 Md. at 202. Thus, the sentence from *Glassman* upon which defendants rely was merely dictum in the decision of that case. Even in a diversity action a federal court is not obliged to follow dicta. New England Mutual Life Ins. Co. v. Mitchell, 118 F.2d 414, 420 (4 Cir. 1941), cert. den. 314 U.S. 629, 62 S.Ct. 60, 86 L.Ed. 505 (1941); Powell v. Maryland Trust Co., 125 F.2d 260 (4 Cir. 1942). 1A Moore's Federal Practice, 2d Ed., ¶ 0.307[2], p. 3313.

■ When a statute has been adopted in one state from the statute of another state or of the United States the meaning given to the statute by courts of the jurisdiction in which it was first enacted should be given great weight, and where they are consistent with reason and sound logic may be accepted as controlling. Heyn v. Fidelity Trust Company, 174 Md. 639, 658, 197 A. 292, (1938); Saunders v. Maryland Unemp. Comp. Board, 188 Md. 677, 688, 53 A.2d 579 (1947); Public Service Comm. v. Baltimore Transit Co., 207 Md. 524, 534, 114 A.2d 834 (1955). That principle was applied to Article 90, § 11 in Montgomery County v. Glassman, supra, where the Court of Appeals cited and followed federal court decisions construing the Miller Act. 245 Md. at 202, 205, 225 A.2d 448.

■ The Federal rule on the question now being considered is clear. In Fleisher Engineering & Construction Co. v. United States for the Use of Hallenbeck, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940), the Court held that a suit under the Miller Act was maintainable although the notice was sent by ordinary mail and not by registered mail, where it was otherwise sufficient and actually reached one of two joint and several contractors. The Court based its ruling on the general principle that the Act should be liberally construed in aid of its remedial purpose.

This Court is satisfied that the Court of Appeals of Maryland would apply the principles announced in *Fleisher* if it were called upon to decide a case like the instant case.

The motion to dismiss should therefore be denied. It is so ordered.