UNITED STATES of America For the Use and Benefit of AMERICAN SHEET METAL CORPORATION and American Sheet Metal Corporation, Plaintiffs,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND and Hudgins Construction Co., Inc., Defendants.

Civ. A. No. 2:92CV629.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 24, 1992.

Morris Heller Fine, Fine, Fine, Legum & Fine, Virginia Beach, VA, for plaintiffs, U.S. for the use and benefit of American Sheet Metal Corp. and American Sheet Metal Corp.

Gerald I. Katz, Andrew N. Felice, Katz & Stone, Vienna, VA, for Fidelity and Deposit Co. of Maryland and Hudgins Const. Co., Inc.

**392**

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

The United States of America (the "USA"), for the use and benefit of American Sheet Metal Corporation ("ASMC") and ASMC instituted this action pursuant to the Miller Act, 40 U.S.C. § 270a–270d, seeking recovery from Hudgins Construction Company ("Hudgins"), as principal, and Fidelity and Deposit Company of Maryland ("Fidelity"), as surety, under a Labor and Materials Payment Bond (the "Bond"). The Bond allegedly was issued by Fidelity for two projects known as the "Replacement Hospital, Phase I Facility Naval Hospital, Portsmouth, Virginia" and "the Administration Building, U.S.C.G., Reserve Training Center, Yorktown, Virginia" (the "Projects").

ASMC alleges that it performed work and furnished materials on the Projects as a subcontractor to Virginia Beach Air Conditioning Corporation ("VBAC") and that VBAC was subcontractor to the prime contractor, Hudgins, on the Projects. The complaint was filed on August 12, 1992. On September 10, 1992, Hudgins and Fidelity filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6), on the ground that plaintiffs failed to comply with the Miller Act's notice requirements. Plaintiffs have not responded to this motion. Finding that notice was not timely given under the Miller Act, the court grants the motion to dismiss.

## DISCUSSION

The Miller Act requires that a party seeking recovery on a payment bond "giv[e] written notice to [the contractor furnishing the payment bond] within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made...." 40 U.S.C. § 270b(a). The United States Court of Appeals for the Fourth Circuit recently held that "the statute clearly requires timely notice as a condition precedent to the

right to maintain suit on a payment bond." *Pepper Burns Insulation, Inc. v. Artco Corp.*, 970 F.2d 1340, 1342 (4th Cir.1992). *Cf., Fleisher Co. v. United States*, 311 U.S. 15, 17–18, 61 S.Ct. 81, 82–83, 85 L.Ed. 12 (1940). Under *Pepper Burns*, the notice must be *received* by the contractor within the statutory ninety day period. *Id.* at 1343 (emphasis added).

The complaint alleges that ASMC provided labor and materials on the Projects "up to September, 1991, ..." (Complaint ¶ 6), and that VBAC defaulted on its obligations to pay ASMC the sums of $9,280.00 and $10,499.50 owing on the contracts for the Projects. (Complaint at ¶ 7). Notice of Hudgins' default on its sub-contract with ASMC was given to Fidelity on January 27, 1991. (Complaint ¶ 9). Assuming for the purposes of this motion that the allegations contained in paragraphs 6 and 9 of the complaint are true, plaintiffs clearly failed to give notice within the ninety day notice period provided by the Miller Act. Accordingly, as a matter of law, plaintiff is precluded from seeking relief under the Miller Act, *see Pepper Burns Insulation, Inc. v. Artco Corp.*, 970 F.2d 1340, 1342 (4th Cir. 1992), and the defendants' motion to dismiss must be GRANTED.[1]

It is so ORDERED.

---

1. Because the court finds that notice was not timely, it is unnecessary to decide whether service of the notice of default on the surety, rather than the contractor, is sufficient under the Miller Act.