UNITED STATES of America to the Use of Charles BETTS, trading as Betts and Brothers, Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY and Acme Missiles & Construction Corporation, Defendants.

Civ. A. No. 62–435.

United States District Court
W. D. Pennsylvania.

May 11, 1964.

William F. Donatelli, Pittsburgh, Pa., for plaintiff.

Frank J. Gaffney, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

This is a motion for a new trial by the defendants.

Suit was brought under the provisions of 49 Stat. 793 (1935). U.S.C. Title 40, §§ 270a, 270b, 270c and 270d, as amended, commonly known as the Miller Act.

The use-plaintiff brought this action to recover damages because the defendants failed to pay the use-plaintiff for materials supplied to David R. Murphy (Murphy), sub-contractor, for Acme Missiles & Construction Corporation (Acme) on two guided missile defense installations known as "nike" sites in the Pittsburgh area.

The case was tried non-jury, and this Court found for the use-plaintiff and entered judgment against the defendants in the sum of $9,134.96, together with interest from August 9, 1961.[1] On January 21, 1964, the defendants filed a motion for a new trial alleging generally that the Court's findings of fact and conclusions of law were contrary to the evidence and to the law. The defendants also claim that this Court erred because it found that the use-plaintiff was not estopped to make a claim for materials and labor when it found that the use-plaintiff was in fact a supplier to Murphy.

While the defendants here raise several questions, all but one merit no further consideration because they were fully discussed and considered in my opinion filed January 16, 1964. The only question to be considered here is the issue of notice which the defendants set forth initially at the time of this argument and in their brief. Under the Miller Act, a supplier to a sub-contractor must give written notice of any claim for materials furnished by a sub-contractor within ninety days from the date on which the party supplied the last materials.[2] This notice must be given by registered mail.

---

1. See United States to the use of Charles Betts et al. v. Continental Casualty Company et al., D.C., 224 F.Supp. 857, 1964.

2. 40 U.S.C. § 270b is as follows:
"Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."

The giving of such notice is mandatory and a strict condition precedent to the existence of any right of action upon the contractor's bond. Where no such notice has been given and served upon the contractor, recovery must be denied. Fleisher Engineering and Construction Co. v. United States, etc., 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940); United States for Use and Benefit of American Radiator etc. Corp. v. Northwestern Engineering Company, 122 F.2d 600, C.A.8, 1941; United States for Use and Benefit of Genesee Sand & Gravel Corp. v. Fleisher Engineering and Construction Co. (D.C.N.Y., 1942) 45 F.Supp. 781.

The defendants argue that the testimony established that the last materials were furnished by the use-plaintiff on August 9, 1961, and therefore, the ninety day period was over on November 7, 1961. They contend that the written notice on November 7, 1961 sent by "registered mail, return receipt requested" was not received in time. The defendants maintain that the date the last materials were furnished by the use-plaintiff according to Finding of Fact No. 18 was on August 9, 1961, but that in its opinion on page 5, the Court concluded that the last date the materials were furnished was September 30, 1961.

After reviewing the record of this case, I consider this contention of the defendants to be without merit. From all the facts produced in the evidence and the inferences to be derived from the facts as produced, it was established that Murphy and the use-plaintiff entered into a contract by which the use-plaintiff was required, inter alia, to completely furnish, install and provide materials according to drawings and specifications for the construction of certain generator buildings, and what was referred to as the Hipar buildings, located at the Dorseyville and Coraopolis sites. The use-plaintiff was to set up forms using lumber, nails, bolts, hammers, saws and the like. He was also required to furnish the equipment by which the installation of material would be accomplished. The use of the equipment was to be paid for so long as it was required.

There is no question that since this equipment was used here in the prosecution of the work, it was considered material supplied under the Miller Act. Illinois Surety Company v. John Davis Company, 244 U.S. 376, 383, 37 S.Ct. 614, 61 L.Ed. 1206 (1916); United States ex rel. Carter-Schneider-Nelson, Inc. v. Campbell et al., C.A.9, 1961, 293 F.2d 816, 820. In his letters of notice dated November 6, 1961, the use-plaintiff separately and specifically listed each item of claim expressly including the equipment rental. The letters informed Acme that the last date labor, materials and rentals were furnished was September 30, 1961. Acme received these letters of notice no later than November 8, 1961. It appears obvious, therefore, that the statutory notice requirement under the Miller Act was satisfied. In my opinion, I so concluded from the evidence produced at the trial that "materials" as defined under the Miller Act were last furnished or supplied to the defendants by the use-plaintiff on September 30, 1961.

No confusion should attach to my Finding of Fact No. 18 wherein I stated that "There is due and owing to the use-plaintiff by Murphy the total sum of $9,134.96 with interest from August 9, 1961, being the last date on which said materials were furnished." There is no inconsistency in this finding since reference was being made here to the date from which interest was to be computed. I determined that interest should begin from the date the use-plaintiff had placed certain equipment on the job. The word "materials" in this finding was used in its ordinary context and referred solely to normal construction materials used in the building trade. But from the date when such material and equipment were furnished in August, the use-plaintiff was obliged to maintain on the job that equipment until September 30, 1961 so that the obligation of the defendants to the use-plaintiff continued until September 30,

1961 until which time the use-plaintiff had furnished such equipment for the construction work and for which he was entitled to be paid.

Accordingly, the defendants' motion for a new trial will be denied.