ARZUAGA & SANTANA, INC., Plaintiff and Appellee, *v.* FRANCISCO RAMOS RIVERA, d/b/a RAMOS ELECTRIC CO., ETC., ET AL. and UNITED STATES CASUALTY CO., Defendants and Appellant the latter.

No. R-70-309.     Decided October 4, 1971.

*Fiddler, González & Rodríguez* and *Julio M. Rodríguez* for United States Casualty Co. *Rodríguez Ema, Rodríguez Ramón, Benítez Gautier & Zequeira, D. Padín Mimoso,* and *A. Emanuelli* for appellee.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

A firm which supplied three transformers to a subcontractor of a public work claimed the value of those transformers from the bondsman of the principal contractor. The sum owed amounted to $1,859.72. Act No. 388 of May 9, 1951, 22 L.P.R.A. § 47 *et seq.,* requires that every contractor of public works shall post a bond in order to secure the payment of the materials used in the work by the principal contractor as well as by the subcontractor. Section 5 of the aforementioned act provides thus:

"Every person, natural or artificial, who has worked as a worker or employee on, or who has supplied, sold, or delivered materials, equipment, and tools for, the work referred to under

section 47 of this title, with regard to which work the bond required by sections 47–58 of this title has been posted, and who has not been paid, in whole or in part, as required by sections 47–58 of this title, his salaries or wages, or the price of the materials, equipment, and tools sold, delivered, or supplied for the work, shall have the right to file suit, without necessity for previous notice, against the contractor, against the bond of the contractor, against the bondsmen of the contractor, or against any of said bondsmen, for recovery of any amount which may for such reason be owing him. *Any person or persons who have a direct contractual relationship with a subcontractor on the work and who have or do not have an expressed or implied contractual relationship with the contractor on the work who has posted the bond, may institute action against the contractor, the bond of the contractor, the bondsmen of the contractor, or against any of the said bondsmen, for the recovery of all or any part of*: (1) any amount which may be owed them by the subcontractor for salaries or wages they have earned as employees or workers of the subcontractor on the work; and (2) *any amount which may be owed them by reason of their having supplied, sold or delivered materials, equipment, and tools for the subcontractor on the works. Suppliers or sellers of materials, equipment and tools to the subcontractor shall be obligated, before instituting action against the contractor, his bond, or his bondsmen, to notify the contractor, by registered mail, of their claim.* At the expiration of thirty days from the mailing of the said notice they may institute the action herein authorized. Workers and employees of the subcontractor may institute action at any time without previous notice to the contractor of their claim. In all other respects they shall abide by the rights and remedies granted by sections 47–58 of this title to the workers and employees and the suppliers of materials, equipment, and tools, of the contractor and the liabilities imposed by sections 47–58 of this title shall apply to the contractor, his bond and his bondsmen."

The Act grants a cause of action to the materialman of a subcontractor, against the contractor, his bond, or his bondsmen, but as a prerequisite to the exercise of the action it requires that the contractor be notified of the claim.

In the case at bar said notice was not served. The firm which supplied the materials maintains that the notice is a prerequisite to sue the principal contractor, but that it is not a prerequisite to sue the bondsman. The trial court concurred with that opinion. In construing the provision of the Municipal Law which requires that the municipality be served notice of the occurrence of an accident within ninety days after the occurrence of the same, it followed the precedent established in *Garcia* v. *Northern Assurance Co.*, 92 P.R.R. 236 (1965).

In *Garcia* we held that the condition established by § 96 of the Municipal Law[1] is only for the exercise of the action against the municipality but that the surety company cannot raise the lack of service of notice to the municipality as a defense. Section 96 of the Municipal Law, specifically provides that "no judicial action may be instituted against a municipal corporation for damages caused by the fault or negligence of the latter if written notice thereof is not given . . . ." We see then that while Act No. 388 provides that the contractor should be notified before an action is filed against the surety company, what the Municipal Law provides is that an action cannot be filed against a municipality, if the requisite of service of notice to the latter has not been complied with.

---

[1] Section 96 provides thus:

"(a) Any person having any claim against a municipal corporation for damages to the person or property, caused through the fault or negligence of the municipal corporation, shall present to the chief executive of the municipality a written notice setting forth clearly and concisely the date, place, cause and general nature of the damage sustained, the amount of monetary compensation or the type of remedy adequate to the damage sustained, the names and addresses of his witnesses and the address of the claimant as well as the place where he received medical treatment for the first time.

"(b) Said notice shall be delivered to the chief executive of the municipal corporation by sending it by registered mail or through personal service on him or in any other proper manner recognized by law.

"(c) The said written notice shall be presented to the municipal

That requirement of one statute and the other is different. That is why in construing the provision of the Municipal Law, taking into consideration also, the fact that the Insurance Code authorizes the direct action against the insurer,[2]

chief executive within ninety days following the date on which the claimant learned of the damages he is claiming for. If the claimant is mentally or physically incapacitated to give said notice within the term prescribed, he shall not be subject to the limitation above provided but shall be bound to give said notice within thirty days following the date on which such incapacity ceases.

"(d) If the aggrieved party is a minor, or is under guardianship, the person exercising the patria potestas or custody of the minor, or the guardian, as the case may be, shall be under obligation to make known the claim within ninety days following the date on which he had knowledge of the damages claimed for. The foregoing shall not prevent the minor or the ward from giving the said notice within the term prescribed, motu proprio, if the person having the patria potestas, custody or guardianship shall fail to do so.

"(e) No judicial action may be instituted against a municipal corporation for damages caused by the fault or negligence of the latter if written notice thereof is not given in the form and manner and within the terms prescribed in this subtitle. The foregoing applies only to damages caused by any municipal corporation subsequent to the effectiveness of this subtitle.

"(f) The term 'municipal corporation' includes all the municipalities of Puerto Rico and the Capital of Puerto Rico; and the term 'chief executive' includes the mayor of any municipality of Puerto Rico and the city manager of the Capital of Puerto Rico.

"(g) This section shall not modify in any way whatsoever, for such claimants as shall comply with its provisions, the statute of limitation fixed by subsection 2 of section 1868 of the Civil Code of Puerto Rico, 1930 edition, section 5298 of Title 31."

[2] Section 20.030 of the Insurance Code, 26 L.P.R.A. § 2003 (1958 ed.) provides thus:

"(1) Any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly. The liability of the insurer shall not exceed that provided for in the policy, and the court shall determine, not only the liability of the insurer, but also the amount of the loss. Any action brought under this section shall be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured.

"(2) If the plaintiff in such an action brings suit against the insured alone, such shall not be deemed to deprive him of the right, by

we conclude that the defense of not having notified the municipality did not benefit the insurance company.

The situation in the cases of bonds posted in order to secure the payment of the materials used in a public work is different. As a condition to file judicial claim against the surety for the materials supplied to a subcontractor, the act, as we have seen, specifically requires that the principal contractor be previously notified. This is so because irrespective of the fact that the main purpose of Act No. 388 is to secure the payment to the laborers and materialmen, the act establishes a procedure by which the contractor has the opportunity of finding out timely the amount owed by the subcontractor, and thus he may withhold an amount sufficient to pay the materialmen from the amount still owed for the work performed. It is very important for the contractor to receive this notice because different from the bonds for public liability where the surety cannot claim from the insured the amount it had to pay for damages, in the type of bond posted to secure the payment for materialmen, the bondsman being solidary may recover by claiming the amount paid to the contractor. As a matter of fact, the usual practice is that the surety does not issue the bond until the contractor provides enough security to cover what the surety has to pay. The federal courts have construed the provision of the Miller's Act, which as we stated in *Jiménez y Salellas, Inc.* v. *Maryland Cas. Co.*, 92 P.R.R. 200 (1965), was the pattern followed by Act No. 388 in the sense that an action against the surety does not lie without the previous notice to the contractor. *Fleisher Engineering Co.* v. *United States*, 311 U.S. 15 (1940); *Liles Construction Company* v. *United States*, 415 F.2d 889 (5th Cir. 1969); *Noland Company* v. *Allied Contractors*, 273 F.2d 917 (4th Cir. 1969); *United*

---

subrogation to the rights of the insured under the policy, to maintain action against and recover from the insurer after securing final judgment against the insured."

*States* v. *Continental Casualty Company*, 230 F.Supp. 557 (U.S.D.C.W.D. Pen. 1964). And the truth is that nothing extraordinary is being demanded from the materialman. Simply, to notify the contractor the amount owed by the subcontractor thirty days before he files the complaint.

It is proper, therefore, to reverse the judgment appealed from.

Mr. Chief Justice Negrón Fernández did not participate in the decision of this case. Mr. Justice Hernández Matos dissented.