ARZUAGA & SANTANA, INC., demandante y recurrido, *v.* FRANCISCO RAMOS RIVERA, h/n/c RAMOS ELECTRIC CO., ETC., ET AL., y UNITED STATES CASUALTY CO., demandados y recurrente la última.

*Número:* R-70-309          *Resuelto:* 4 de octubre de 1971

*Fiddler, González & Rodríguez* y *Julio M. Rodríguez,* abogados de la *United States Casualty Co.; Rodríguez Ema, Rodríguez Ramón, Benítez Gautier & Zequeira, D. Padín Mimoso* y *A. Emanuelli,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Una firma que suplió tres transformadores a un subcontratista de una obra pública reclamó el valor de éstos al fiador del contratista principal. Lo adeudado ascendía a $1,859.72. La Ley Núm. 388 de 9 de mayo de 1951, 22

---

L.P.R.A. sec. 47 *et seq.*, requiere de todo contratista de obra pública la prestación de una fianza para garantizar el pago de los materiales usados en la obra tanto por el contratista principal como por un subcontratista. Dispone así el Art. 5 de la citada ley:

"Toda persona, natural o jurídica, que haya trabajado como obrero o empleado en, o que haya suplido, vendido o entregado materiales, equipo y herramientas para la obra a que hace referencia la sec. 47 de este título, respecto a la cual se haya prestado la fianza que por las secs. 47 a 58 de este título se exige, y a quien no se haya pagado en total o en parte, según las secs. 47 a 58 de este título lo requieren, sus sueldos o jornales, o el importe de materiales, equipo y herramientas vendidos, entregados o suplidos para la obra, tendrá derecho a instar acción judicial, sin necesidad de previa notificación o requerimiento, contra el contratista, contra la fianza del contratista, contra los fiadores del contratista, o contra cualquiera de ellos, en cobro de la cantidad que por tal concepto pueda adeudárseles. *Cualquier persona o personas que tengan una relación contractual directa con un subcontratista de la obra y que tengan o no tengan relación contractual expresa o implícita con el contratista de la obra que haya prestado la fianza, tendrán una causa de acción contra el contratista, la fianza del contratista, los fiadores del contratista, o contra cualquiera de ellos, para recobrar la totalidad o cualquier parte de:* (1) cualquier cantidad que pueda adeudársele por el subcontratista de la obra por concepto de sueldos o jornales devengados como empleados u obreros del subcontrato de la obra; y (2) *cualquier cantidad que pueda adeudársele por concepto de materiales, equipo y herramientas suplidos, vendidos o entregados para el subcontrato de la obra. Los suplidores o vendedores de materiales, equipo y herramientas del subcontrato vendrán obligados antes de instar acción judicial contra el contratista, su fianza o sus fiadores a notificar al contratista, por correo certificado, de su reclamación.* Transcurridos 30 días del envío de dicha notificación podrán instar la acción que aquí se autoriza. Los obreros o empleados del subcontrato podrán instar la acción en cualquier momento sin notificación o requerimiento previo de su reclamación al contratista. En todo lo demás se atenderán a los derechos y remedios que las secs. 47 a 58 de este título conceden a los obreros,

empleados y suplidores de materiales, equipo y herramientas del contratista; y sobre el contratista, su fianza y sus fiadores pesarán las mismas responsabilidades que las secs. 47 a 58 de este título les imponen."

La ley concede una causa de acción al suplidor de materiales de un subcontratista, contra el contratista, la fianza del contratista o los fiadores de éste, pero requiere como condición previa al ejercicio de la acción que se notifique de la reclamación al contratista.

En el presente caso no se cursó esa notificación. Sostiene la firma suplidora que la notificación es requisito previo para demandar al contratista principal pero que no lo es para demandar a la fiadora. El tribunal de instancia concurrió con ese criterio. Siguió el precedente establecido en *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (1965) al interpretar la disposición de la Ley Municipal que requiere se notifique al municipio de la ocurrencia de un accidente dentro de los noventa días de ocurrido.

En *García* resolvimos que la condición impuesta por el Art. 96 de la Ley Municipal[1] es únicamente para. el ejer-

---

[1] Dispone así el Art. 96:

"(a) Toda persona que tenga reclamaciones de cualquier clase contra una corporación municipal, por daños personales o a la propiedad, causados por culpa o negligencia de la corporación municipal, deberá presentar al jefe ejecutivo de ésta una notificación escrita, haciendo constar en forma clara y concisa la fecha, sitio, causa y naturaleza general del daño sufrido, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante así como el sitio donde recibió tratamiento médico en primera instancia.

(b) Dicha notificación se entregará al jefe ejecutivo de la corporación municipal remitiéndola por correo certificado, o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.

(c) La referida notificación escrita se presentará al jefe ejecutivo municipal dentro de los 90 días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los 30 días siguientes a la fecha en que cese la incapacidad.

cicio de la acción contra el municipio pero que la compañía fiadora no puede levantar como defensa la falta de notificación al municipio. El Art. 96 de la Ley Municipal, específicamente dispone que "no podrá iniciarse acción judicial de clase alguna contra una corporación municipal por daños causados por la culpa o negligencia de aquella si no se hubiese efectuado la notificación escrita . . . ." Vemos pues que mientras en la Ley Núm. 388 se dispone que antes de radicar la acción contra la compañía fiadora se debe notificar al contratista, en la Ley Municipal lo que se establece es que no se podrá iniciar la acción contra el municipio, si no se ha cumplido con el requisito de notificación a éste.

Lo requerido por uno y otro estatuto es distinto. Es por eso que al interpretar la disposición de la Ley Municipal, teniendo en cuenta, además, el hecho de que el Código de Seguros autoriza la acción directa contra el asegurador, [2]

(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligada a notificar la reclamación dentro de los 90 días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad, custodia o tutela no lo hiciere.

(e) No podrá iniciarse acción judicial de clase alguna contra una corporación municipal por daños causados por la culpa o negligencia de aquella si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en este Subtítulo. Lo anterior es aplicable únicamente a los daños causados por cualquier corporación municipal con posterioridad a la vigencia de este Subtítulo.

(f) El término corporación municipal incluye todos los municipios de Puerto Rico y la Capital de Puerto Rico; y el término jefe ejecutivo incluye al alcalde de cualquier municipio de Puerto Rico y el Administrador de la Capital de Puerto Rico.

(g) Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por el inciso 2 del art. 1868 del Código Civil de Puerto Rico, edición de 1930, sec. 5298 del Título 31."

[2] El Art. 20.030 del Código de Seguros, 26 L.P.R.A. sec. 2003 (ed. 1958), dispone así:

"(1) La persona que sufriere los daños y perjuicios tendrá, a su

concluimos que la defensa de no haber notificado al municipio no aprovechaba a la compañía aseguradora.

La situación en los casos de las fianzas prestadas para garantizar el pago de los materiales utilizados en una obra pública es distinta. La ley, como hemos visto, específicamente requiere, como condición para reclamar judicialmente de la fiadora por materiales suplidos a un subcontratista, que se notifique previamente al contratista principal. Esto es así porque independientemente del hecho de que el propósito principal de la Ley Núm. 388 es garantizar el pago a los obreros y materialistas, la ley establece un procedimiento mediante el cual el contratista tiene la oportunidad de conocer con tiempo lo adeudado por el subcontratista y así poder retener de lo que todavía le adeude por el trabajo realizado, lo suficiente para pagar a los materialistas. Es de suma importancia para el contratista recibir esta notificación porque distinto a las fianzas por responsabilidad pública en las cuales la fiadora no puede reclamar del asegurado lo que ha tenido que pagar por daños, en el tipo de fianza que se presta para garantizar el pago a los materialistas, el fiador por ser solidario puede resarcirse reclamándole al contratista lo pagado. De hecho normalmente la práctica es que la fiadora no expide la fianza hasta tanto el contratista no le proporcione suficiente garantía para cubrir

opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. La responsabilidad del asegurador no excederá de aquella dispuesta en la póliza, y el tribunal deberá determinar no solamente la responsabilidad del asegurador, si que también la cuantía de la pérdida. Cualquier acción incoada conforme a esta sección estará sujeta a las condiciones de la póliza o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado.

(2) Si el perjudicado entablara demanda contra el asegurado solamente, no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado."

lo que la fiadora tenga que pagar. Las cortes federales han interpretado la disposición del Miller's Act, que como expresamos en *Jiménez y Salellas, Inc.* v. *Maryland Cas. Co.,* 92 D.P.R. 207 (1965) fue el modelo de la Ley Núm. 388 en el sentido de que no procede la acción contra la fiadora si no ha mediado previamente la notificación al contratista. *Fleisher Engineering Co.* v. *United States,* 311 U.S. 15 (1940); *Liles Construction Company* v. *United States,* 415 F.2d 889 (5th Cir. 1969); *Noland Company* v. *Allied Contractors,* 273 F.2d 917 (4th Cir. 1969); *United States* v. *Continental Casualty Company,* 230 F.Supp. 557 (U.S.D.C.W.D. Pen. 1964). Y la realidad es que no se le está exigiendo nada extraordinario al suplidor de materiales. Simplemente que treinta días antes de radicar la demanda notifique al contratista lo adeudado por el subcontratista.

*Procede, por lo tanto, revocar la sentencia recurrida.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Hernández Matos disintió.