**UNITED STATES of America, for the Use and Benefit of PITTSBURGH–DES MOINES STEEL COMPANY, Plaintiffs,**

v.

**DAUPHIN STEEL AND ENGINEERING CO., Inc., et al., Defendants.**

**No. 71 C 2758.**

United States District Court,
S. D. New York.

Nov. 16, 1971.

Kirlin, Campbell & Keating, New York City, for plaintiffs.

M. Carl Levine, Margulas & Foreman, New York City, for defendants.

EDELSTEIN, Chief Judge.

## MEMORANDUM OPINION

The use plaintiff brings this suit pursuant to 40 U.S.C. § 270b, colloquially known as the "Miller Act," to recover payment from defendants Sovereign Construction Company, Ltd., and Aetna Life & Casualty Company for certain materials furnished to defendant Dauphin Steel and Engineering Co. in the construction of a building at the United States Military Academy in West Point, New York.

The defendant, Sovereign, was the general contractor of the project, who, in turn, entered into a subcontract with Dauphin. The defendant Aetna provided the surety bond pursuant to Section 270a of the Act.

Defendants Sovereign and Aetna move this court for an order pursuant to Rule 12(b) (6) Fed.R.Civ.P. dismissing the complaint for failure to state a cause of action. This motion is based upon plaintiff's failure to allege two statutory conditions precedent to the institution of a Miller Act claim. Specifically, plaintiff has failed to allege (1) that it notified defendants of its claim within ninety days of its delivery of the last of the materials for which it seeks payment, and (2) that this action was commenced within one year of the day on which the last material was supplied to Dauphin.

The undisputed facts disclose a failure of compliance with the letter of 40 U.S.C. § 270b(a). A question to be resolved, however, is whether there has been sufficient compliance with the spirit of that law which would permit the use plaintiff to amend its complaint. To this end the plaintiff notes that Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual specificity in pleading. Moreover, the use plaintiff properly asserts that its proposed amendment would not raise a novel cause of action at this time.

Although the plaintiff did not allege that it commenced the action within one year of delivery, the present complaint contains an allegation that the action was brought within one year of the final settlement of the contract—the requirement imposed by the predecessor to the present Section 270b. Thus, although plaintiff's averment was a careless attempt to satisfy the pleading requirements under the Miller Act, the defendants, nevertheless, were apprised of the nature of the claim. Moreover, Exhibits E, F, and G, attached to the use plaintiff's affidavit, appear to indicate that the suit was, in fact, commenced within the mandated time limitation.

Although use plaintiff failed to allege that it notified defendants of its claim within ninety days of its last delivery, it appears that it did, in fact, comply with the requirements of the Miller Act by providing notice in the prescribed manner. See Exhibits A, B, C, and D, attached to plaintiff's affidavit. *Cf.* United States for Use and Benefit of Field & Associates v. Globe Indemnity Co. et al., D.C., 223 F.Supp. 121 (1962). *See also* United States to Use of Tecot Electric Supply Co. v. New Amsterdam Casualty Co., 185 F.Supp. 316, 317 (1960).

While the complaint is procedurally deficient, granting use plaintiff leave to amend his complaint will not prejudice the defendant. Deficient pleading can not be the basis here for the dismissal of the action. See also Rule 15(a) Fed.R.Civ.P., which states " * * * leave shall be freely given when justice so requires." Moreover, this court is cognizant of the fact that the Miller Act is remedial in nature. Persons seeking redress should be accorded, where equitable, an opportunity to pursue their grievance.

Therefore, defendants' motion to dismiss is denied and plaintiff is permit-

ted to amend its complaint to set forth the technical averments required by the statute.

Settle order on notice by December 1, 1971.