**STATE of Maine**

v.

**Edward Arnold SMALL, III.**

Supreme Judicial Court of Maine.

Jan. 27, 1978.

Michael D. Seitzinger (orally), Pasquale Perrino, Jr., Asst. Attys. Gen., Augusta, David M. Cox, Dist. Atty., Bangor, for plaintiff.

Paine, Lynch & Weatherbee by Errol K. Paine, Bangor (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

■ On February 18, 1977, Edward Arnold Small, III, entered a guilty plea in the Superior Court of Penobscot County to an information charging a violation of what was then 17–A M.R.S.A. § 204.[1] The information charged:

> "That on or about the 17th day of July, 1976, in the County of Penobscot, State of Maine, EDWARD ARNOLD SMALL III did recklessly cause the death of another human being, namely, Wayde M. Turner, said act being committed with the use of a dangerous weapon, to wit, a steel pipe."

The Justice of the Superior Court complied carefully with Rule 11, M.R.Crim.P., before the guilty plea was accepted. There was a presentence inquiry with a full opportunity to be heard prior to the imposition of a fifteen years sentence to the Maine State Prison.

We deny the appeal from this conviction.

Small was a juvenile when the criminal act was committed but had attained his eighteenth birthday when his plea of guilty was accepted and the sentence imposed. Since a juvenile citation had originally issued following the homicide on which a hearing was held for the limited purpose of determining whether Small should be treated as an adult and bound over to the grand jury, Small's first argument on appeal is that the juvenile statute as then constituted was unconstitutional. In essence, this argument is premised on the theory that the statute does not provide for a transfer hearing separate from an adjudicatory hearing as required by *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), and, therefore, the information placed Small in double jeopardy in violation of both the Maine Constitution, art. I, § 8, and the 5th Amendment to the United States Constitution. *See State v. Knowles,* Me., 371 A.2d 624 (1977).

1. Section 204 has since been repealed and a new section enacted, captioned "Aiding or soliciting suicide."

The record is clear beyond doubt that when Small entered his plea he was aware of the theoretical double jeopardy defense. An indictment for a violation of 17–A M.R. S.A. § 202[2] had been returned on September 29, 1976, which was before Small had attained his eighteenth birthday. His counsel filed a motion to dismiss this indictment premised on the statement that the defendant had been "in jeopardy of the offense charged" by virtue of the prior proceeding in the District Court. This motion was decided against appellant and it was subsequent thereto that he entered his voluntary plea to the information, which charged a less serious crime than had the indictment.

We have held that the right to appeal following conviction on a guilty plea is subject to specific limitations. An appellant under those circumstances is confined to challenging either the sufficiency of the indictment, or the jurisdiction of the court over him, or to asserting that the punishment is excessive or cruel and unusual. *State v. Riccatelli,* Me., 358 A.2d 542, 543 (1976); *State v. Vane,* Me., 322 A.2d 58, 62 (1974). *See Dow v. State,* Me., 275 A.2d 815 (1971).

■ It is self evident that the information validly alleged a violation of Section 204. The Superior Court had obvious jurisdiction to try and determine guilt for this felony. Although on given facts double jeopardy may be a defense to a criminal charge, it is not a constitutional impediment to jurisdiction. *See State v. Sanborn,* 157 Me. 424, 173 A.2d 854 (1961); *State v. Slorah,* 118 Me. 203, 106 A. 768 (1919).[3] No

2. Section 202 has since been repealed and a new section enacted defining a Class A crime captioned "Felony murder."

3. In *Slorah* we adopted this quotation from an early Illinois case:
"'A prisoner . . . is not to be presumed to waive any of his rights, but that he may by express consent admit them all away can neither be doubted nor denied.'" 118 Me. at 216, 106 A. at 774. In *Sanborn* we delineated the conditions under which a second trial would not violate a defendant's double jeopardy rights. It is settled law that the right to plead double jeopardy is waived if an impanelled jury is discharged either on the motion or with the consent of a criminal defendant. There is no

argument is made here that the punishment imposed was unconstitutionally severe. As was the case in *Riccatelli,* "the defendant was aware of his alternatives and weighed them against the course of action which he chose to follow." 358 A.2d at 543.

We cannot recognize the right to appeal under these circumstances.[4]

The entry is:

Appeal denied.

Judgment affirmed.

POMEROY and DELAHANTY, JJ., did not sit.

McKUSICK, C. J., and WERNICK, GODFREY and NICHOLS, JJ., concurring.

practical distinction between such a situation and the one where, as here, a defendant faced with an indictment charging one offense, elects voluntarily to waive indictment for a less serious crime and knowingly enters a guilty plea to the resultant information, being all the time conscious of the right to press his plea of former jeopardy to the pending indictment.

4. It is, or course, clear that if the defendant had not waived indictment but had persisted in his challenge on the grounds that the "bind-over" provision of the juvenile statute, 15 M.R.S.A. § 2611(3), as then enacted, was unconstitutional, our recent opinion in *State v. Corliss,* Me., 379 A.2d 998 (1977), would have determined the appeal adversely to appellant.