## VACUUM SYSTEMS, INC.

v.

## Robert W. WASHBURN *.

Supreme Judicial Court of Maine.

Argued Sept. 8, 1994.

Decided Dec. 21, 1994.

Nicholas H. Walsh (orally), Portland, for plaintiff.

James M. Bowie (orally), Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Vacuum Systems, Inc. appeals from a summary judgment entered in the Superior

* The other defendants initially named in this ac-   tion were dismissed by stipulation of the parties.

Court (Somerset County, *Chandler, J.*) in favor of Robert W. Washburn on its complaint seeking damages for Washburn's alleged professional negligence. We agree with Vacuum's contention that the trial court erred by its determination that as a matter of law the notice pursuant to 14 M.R.S.A. § 871 (1980 & Supp.1994)[1] did not meet the requirements of that statute. Accordingly, we vacate the judgment.

The record reveals the following: Bridge Construction Corporation was the general contractor of a Maine Department of Transportation construction project in West Buxton and executed a contract payment bond with Aetna Casualty and Surety Company pursuant to the Public Works Contractors' Surety Bond Law of 1971, 14 M.R.S.A. § 871. H & L Concrete was a subcontractor for Bridge, and Vacuum was a subcontractor for H & L. Vacuum had no direct contractual relationship with Bridge.

Vacuum provided labor and materials to the project through July 31, 1989, for which it billed H & L. When H & L failed to pay, Vacuum wrote to Bridge. By its letter dated October 24, 1989, Vacuum advised Bridge that it had received no payment from H & L, that it had received no notification from H & L that its bill was disputed and that the letter was to serve as notification to Bridge that there could be pending litigation. This was followed by a letter dated October 25, 1989, advising Bridge, *inter alia*, that its bill to H & L was in the amount of $55,192.13. The parties stipulated that both letters were sent by first class mail and received by Bridge within 90 days from July 31, 1989.

Vacuum first contacted Washburn by telephone on October 25, 1989 and advised him concerning the nonpayment by H & L and that "we are nearing the 90–day period for notification." The earliest Washburn could see Vacuum was October 30. On October 30, Washburn was furnished with the information on which Vacuum based its claim against Bridge on the surety bond. Based on his determination that Vacuum's notice to Bridge precluded it from suing Bridge pursuant to 14 M.R.S.A. § 871, Washburn failed to file an action against Bridge on behalf of Vacuum. The subsequent action filed by Vacuum against Bridge, after Vacuum had retained other counsel, was barred by the one-year statute of limitations provided in 14 M.R.S.A. § 871. *See Vacuum Sys., Inc. v. Bridge Constr. Co.,* 632 A.2d 442 (Me.1993).

In March 1993, Vacuum filed the instant complaint against Washburn. Vacuum alleged that by failing to bring a timely action against Bridge, Washburn caused Vacuum to lose its right to recover against Bridge. Asserting that at the time he was consulted by Vacuum its action against Bridge was barred because the notice did not comply with the requirements of section 871(4), Washburn moved for a summary judgment. After a hearing on the motion, the court determined as a matter of law that "the notice provisions of 14 M.R.S.A. § 871(4) must be strictly adhered to in order to accomplish the notice required," and accordingly, at the time Vacuum hired Washburn its rights had already been foreclosed. From the summary judgment entered in favor of Washburn, Vacuum appeals.

Vacuum contends that notice served by first class mail that is actually received dur-

---

1. The statute provides in pertinent part:

   Any such claimant having a direct contractual relationship with a subcontractor of the contractor furnishing such payment bond but no contractual relationship, express or implied, with such contractor shall not have the right of action upon such payment bond unless he shall have given written notice to such contractor within 90 days from the date on which such claimant performed the last of the labor, or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or at his residence.

   Every action on said payment bond shall be brought in the county in which the principal or surety has its principal place of business. No such action may be commenced after the expiration of one year from the date on which the last of the labor was performed or material was supplied for the payment of which such action is brought.

   14 M.R.S.A. § 871(4) (1980).

ing the 90–day notice period is sufficient to meet the notice requirements of 14 M.R.S.A. § 871. It also contends that the contents of the two letters it sent Bridge are sufficient to meet the requirements of the statute. We agree with both contentions.

■ When, as here, there exist no genuine issues of material fact, we view the grant of a motion for a summary judgment to determine whether the trial court erred by concluding that Washburn is entitled to a judgment as a matter of law. *See Fisherman's Wharf Assocs. II v. Verrill & Dana,* 645 A.2d 1133, 1135 (Me.1994).

■ The Public Works Contractors' Surety Bond Law of 1971, 14 M.R.S.A. § 871 (1980 & Supp.1994) requires that any person who is awarded a contract by the State that exceeds $100,000 furnish a payment bond in the amount of the contract to protect suppliers of labor and materials to the contractor or subcontractor. The statute further allows subcontractors not in privity of contract with the general contractor to have a cause of action against the general contractor on such payment bond if certain notice requirements are satisfied. The notice must be given to the general contractor within 90 days of the last day on which the subcontractor furnished labor or materials and the statute provides that "[s]uch notice shall be served by registered or certified mail." 14 M.R.S.A. § 871(4). The statute serves as a replacement for a materialman's right to obtain a mechanic's lien because one cannot secure a mechanic's lien on state property.

Maine's statute is modeled after the federal Miller Act, 40 U.S.C.S. §§ 270a–270d. *See* L.D. 375, Statement of Fact (105th Legis.1971) ("The proposed legislation is intended to provide limitation of action on state work similar to that which is provided on federal contracts which are covered by the so-called Miller Act."). The Miller Act has similar, but not identical, language to the Maine statute relating to the method of service of notice.[2] When, as in this case, we are dealing with issues of first impression, the use of federal precedent is appropriate as an aid in interpreting Maine's statute. *See, e.g., Bowen v. Dep't of Human Serv.,* 606 A.2d 1051, 1053 (Me.1992). We find persuasive the reasoning of the United States Supreme Court in *Fleisher Eng'g & Constr. Co. v. Hallenbeck,* 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940). In that case the United States Supreme Court determined that actual notice served by a subcontractor by first class mail was sufficient to meet the notice requirement of the Miller Act. The Court drew a distinction between the provision in the Act stating that notice must be served within 90 days following the last date that labor or materials were furnished by a subcontractor as a condition precedent to the right to sue, and the provision relating to the method of serving notice, and stated,

> We think the purpose of this provision as to the manner of service was to assure receipt of the notice, not to make the described method mandatory so as to deny the right of suit when the required written notice within the specified time had actually been given and received.

*Id.* at 19, 61 S.Ct. at 83.

This construction has been followed consistently by the federal courts. *See, e.g., Consolidated Elec. Distrib., Inc. v. Altech, Inc.,* 929 F.2d 1089 (5th Cir.1991) (presenting unpaid invoices to the contractor at a meeting within the 90–day limit is sufficient notice under the Miller Act); *Moody v. American Ins. Co.,* 835 F.2d 745, 748 (10th Cir.1987) (court stated that it "has liberally construed notices as sufficient under the Miller Act where the contractor has actual knowledge of the claim against him, regardless of technical compliance with the statutory requirements") (citations omitted). The federal courts have also held that when, as here, notice is made by a means other than that provided in the statute, the materialman has the burden of showing that the notice was actually received. *E.g., Twin County Transit Mix, Inc. v. R.P. McTeague Constr. Corp.,* 264 F.Supp. 619 (E.D.N.Y.1967).

---

**2.** The portion concerning the manner of notice provides:

> Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons.

40 U.S.C.S. § 270b(a) (1994).

14 M.R.S.A. § 871 also requires that the notice "stat[e] with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed." 14 M.R.S.A. § 871(4). This language is identical to the Miller Act. *See* 40 U.S.C.S. § 270b(a). Federal courts have held that "'written notice' under the Miller Act 'must inform the prime contractor, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bill.'" *United States for Use and Benefit of Blue Circle West, Inc. v. Tucson Mechanical Contracting Inc.*, 921 F.2d 911, 914 (9th Cir.1990) (quoting *Bowden v. Malloy*, 239 F.2d 572, 577–78 (9th Cir. 1956). In citing *Blue Circle West, Inc.* to support his argument that the contents of Vacuum's notice did not meet the requirements of section 871(4), Washburn failed to note that the notice in that case expressly stated that at that point Blue Circle had experienced no difficulty in securing payment from the subcontractor and "[t]his notice is not intended to indicate the above stated amount is past due." *Id.* at 914–15.

To the contrary, in the present case Vacuum by its letters of October 24 and 25 notified Bridge that it had received no payment from H & L, the party to whom the services were furnished, and the amount due. By its letter of October 24, stating, "Please consider this sufficient notification that there could be pending litigation," Vacuum implied it was looking to Bridge for payment. Accordingly, we conclude that the two letters actually received by Bridge were sufficient to meet the requirements of section 871 as to the method and the content of the notice.

The entry is:

Judgment vacated. Remanded for the entry of a partial summary judgment in favor of Vacuum Systems, Inc. on the issue of notice and for further proceedings consistent with the opinion herein.

All concurring.