**STATE of Maine**

v.

**Charles WATSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 13, 1995.
Decided May 2, 1995.

David Gregory, Office of Dist. Atty., Alfred, for State.

Stuart Tisdale, Jr., Portland, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Charles Watson appeals from the judgment of conviction entered in the Superior Court (York County, *Cole, J.*) following a guilty plea to theft by deception in violation of 17–A M.R.S.A. § 354 (1983) (Class B). Watson contends that his conviction should be vacated because he was not brought to trial within 180 days from the time he requested immediate disposition of charges brought against him. *See* 34–A M.R.S.A. § 3042 (1988). Finding no error, we affirm the judgment.

On February 25, 1993, Watson was charged by complaint with two counts of theft by deception. At that time, Watson was in the Cumberland County Jail awaiting proceedings for the revocation of his probation.[1] In a letter dated February 26, 1993, Watson requested an immediate disposition of the complaints against him pursuant to 34–A M.R.S.A. § 3042. The district attorney's office received his request on March 4, 1993. On March 26, 1993, Watson's probation was revoked in full and he was committed to the state prison to serve his previously suspended sentence. For a second time, on March 30, 1993, Watson made a request for an immediate disposition of the charges.

 In September, Watson moved to dismiss the charges against him for failure to provide immediate disposition of the indict-

ments pursuant to 34–A M.R.S.A. § 3042. After a hearing,[2] the Superior Court denied Watson's motion because, *inter alia*, at the time he sent the first notice in late February, Watson was not serving a term of imprisonment pursuant to a final adjudication. Immediately following the denial of his motion, Watson entered a plea of guilty to one count of theft by deception, and the second count was dismissed. This appeal followed.[3]

█ 34–A M.R.S.A. § 3042(2) (1988) provides:

> **Right to trial.** *A prisoner serving a term of imprisonment* in a correctional facility in this State is entitled to be brought to trial on any untried indictment, information or complaint pending in this State against him within 180 days after giving proper notice in accordance with subsections 3 and 4.

(Emphasis added.) Watson contends that he was serving a term of imprisonment when he sent the first notice because being held pending a probation revocation proceeding is "sufficiently definite and sufficiently grounded in a determination of guilt to be considered a 'term of imprisonment' for purposes of section 3042." We disagree.

█ Heretofore, we have not had the occasion to decide whether a person held pending a probation revocation proceeding is a prisoner "serving a term of imprisonment" pursuant to section 3042. When interpreting a statute, we first examine the plain meaning of the statutory language. *Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 360 (Me.1994). The plain language of section 3042(2) requires the defendant to be "serving a term of imprisonment." Watson, however, was being

1. He had been placed on probation as part of a sentence following a previous conviction for a drug offense.

2. The hearing was held more than 180 days after Watson's first request, but within 180 days of his second request.

3. Although the general rule is that a defendant must enter a conditional plea to preserve an issue for appellate review, M.R.Crim.P. 11(a)(2), it is not improper for Watson to bring this appeal even though he entered an unconditional guilty

plea. Jurisdictional issues are among the few issues that may be raised on direct appeal by a defendant who has entered an unconditional guilty plea. *State v. Porter*, 384 A.2d 429, 431 (Me.1978); *State v. Small*, 381 A.2d 1130, 1131 (Me.1978). The trial court would not have had authorization to enter the guilty plea if Watson was not brought to trial within 180 days. 34–A M.R.S.A. § 3042(6)(B) (1988) (if prisoner is not brought to trial within 180 days of giving notice, "[n]o court has jurisdiction over" the untried indictment).

held indefinitely and had not been committed to serving a term. Accordingly, Watson was not serving a term of imprisonment and, at the time he gave the first notice, was not a person who had the right to a trial within 180 days of giving effective notice.

We note that this interpretation of the statute is consistent with the interpretation of the Interstate Agreement on Detainers Act (IAD), 18 U.S.C.A. app. II §§ 1–9 (1985 & Supp.1995),[4] by the federal courts, and we previously have looked to federal precedents for guidance in interpreting Maine statutes when addressing issues of first impression. *See, e.g., Vacuum Sys., Inc. v. Washburn,* 651 A.2d 377, 379 (Me.1994); *Bowen v. Department of Human Servs.,* 606 A.2d 1051, 1053 (Me.1992).

Federal courts have concluded that the IAD does not apply to persons awaiting the revocation of parole. *United States v. Saffeels,* 982 F.2d 1199, 1204 (8th Cir.1992); *United States v. Reed,* 620 F.2d 709, 711 (9th Cir.1980); *United States v. Collins,* 863 F.Supp. 102, 106 (E.D.N.Y.1994). Instead, the IAD applies "exclusively to prisoners who are actually serving their sentences." *United States v. Currier,* 836 F.2d 11, 16 (1st Cir.1987). A person is not serving a term of imprisonment until his parole is actually revoked, and it does not matter that the prisoner subsequently receives credit for the time he was detained. *Saffeels,* 982 F.2d at 1204; *see* 17–A M.R.S.A. § 1206(8) (Supp.1994) (defendant receives deduction from sentence for time detained pending probation revocation proceeding). Even though a defendant is incarcerated while awaiting probation revocation, it is not inevitable or a foregone conclusion that the probation will be revoked. *See Collins,* 863 F.Supp. at 106. Therefore, there was no error in the trial court's denial of Watson's motion to dismiss.

4. 18 U.S.C.A. app. II § 2, art. III(a) (1985) provides in pertinent part;
 Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been

The entry is:

Judgment affirmed.

All concurring.

lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint....