Kelley Bros. of New England, LLC v. Mobile Med. Int'l Corp. et. al., No. 740-12-13 Wncv (Toor, J., Dec. 26, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
WASHINGTON UNIT
CIVIL DIVISION

| | |
|---|---|
| KELLEY BROS. OF NEW ENGLAND, LLC, Plaintiff<br><br>v.<br><br>MOBILE MEDICAL INTERNATIONAL CORPORATION and STATE OF VERMONT,<br><br>Defendants | Docket No. 740-12-13 Wncv |

RULING ON MOTION FOR WRIT OF ATTACHMENT and MOTION TO DISMISS

Plaintiff Kelley Brothers (Kelley) is a subcontractor who supplied materials for the construction of the State of Vermont mental health facility in Middlesex. Kelley alleges it has not been paid by Mobile Medical International Corporation (MMI) and seeks a contractor's lien on the building to secure payment. The State moves to dismiss the claim against it on the grounds of sovereign immunity. There is no factual dispute, only a legal one.

Kelley seeks its lien under 9 V.S.A. § 1921, which provides that one who furnishes labor or materials for a building "shall have a lien upon" the building "to secure the payment" for those materials or labor. The same rights apply to a subcontractor. The statute says nothing one way or the other about liens on property owned by the State. The State argues that because there is no express consent by the State to be sued under this statute, sovereign immunity bars its application here. "Sovereign immunity bars suits against the State unless immunity is expressly waived by statute." Sabia v. State, 164 Vt. 293, 298 (1995). Kelley cites no statutory waiver of immunity, but argues that the Vermont Supreme Court has allowed a lien on government

property – specifically, a school district. <u>Newport Sand & Gravel Co. v. Miller Concrete Const., Inc.</u>, 159 Vt. 66, 69 (1992). The issue of immunity was never raised in that case, however, so the court finds it of little value.

Both parties agree there is no controlling authority on this question in Vermont. The State has provided a 1988 trial court decision concluding that "[t]he overwhelming majority of courts considering the question have held that public property cannot be attached or sold in satisfaction of a private debt." <u>Westinghouse Supply Company Inc. v. State of Vermont</u>, No. S-104-88WnC (June 28, 1988)(Jenkins, J.). Judge Jenkins adopted that view on public policy grounds, the idea being that a private party's interests are subordinate to those of the public.

The United States Supreme Court has repeatedly declared that no liens can be issued against federal property. *See, e.g.*, <u>Department of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255 (1999). Other states have found the same with regard to state property. *See, e.g.*, <u>Department of Community Affairs and Economic Development v. M. Davis & Sons, Inc.</u>, 412 A.2d 939, 941 (Del. 1980) (finding the "general rule in most jurisdictions to be that absent specific statutory provisions to the contrary, a mechanic's lien will not attach to state owned property used for the benefit the public."); <u>Broadway Medical Center, Inc. v. State ex rel. Dep't of Social Services</u>, 25 P. 3d 311, 312 (Okla. Civ. App. 2001)("In the absence of a statute expressly authorizing it, there can be no lien on public property."); <u>Druml Co., Inc. v. City of New Berlin</u>, 254 N.W.2d 265, 310 (Wis. 1977)("Absent specific statutory authority, a subcontractor or materialman has no claim against the state or a municipal government in the nature of a lien.").[1]

---

[1] As a result, the federal government and numerous states have passed legislation providing for bonding to protect subcontractors in situations such as this. *See, e.g.*, <u>Blue Fox</u>, 5525 U.S. at 264; <u>General Insulation Co., v. Eckman Const.</u>, 992 A. 2d 613, 616-17 (N.H. 2010); <u>Vacuum Systems Inc. v. Washburn</u>, 651 A. 2d 377, 379 (Me. 1994)("The statute serves as a replacement for a materialman's right to obtain a mechanic's lien because one cannot secure a mechanic's lien on state property.").

Treatises on the topic are in agreement. "The generally prevailing view is that a mechanic's lien does not attach to, and cannot be enforced against, public property used for the benefit of the public in the absence of express statutory provision authorizing a lien." George L. Blum, Annotation, *Subjection of Municipal Property, or Alleged Municipal Property, to Mechanics' Liens*, 81 A.L.R.6th 363 (Westlaw 2013); *see also*, 17 Am. Jur. 2d *Contractors' Bonds* § 26 (Westlaw through Nov. 2013) ("a mechanic's lien, which is available for private projects . . . ordinarily cannot attach to government property.").

One court, asked to grant a lien upon a town school building, explained its denial of the request as follows:

> The possessor of a mechanic's lien on real estate can gain title to it by foreclosure. If such a lien can be imposed upon public buildings, they can thus be turned into private buildings. If it can attach a schoolhouse, it is difficult to see why it would not equally attach to a city hall, a county courthouse, or a county jail. It would be intolerable to put it in the power of a private citizen in case the negligence of a county should result in his obtaining a foreclosure of a mechanic's lien, to take possession of a courthouse, and turn out the courts, or of a jail, and turn out the prisoners.

National Fireproofing Co. v. Town of Huntington, 71 A. 911 (Conn. 1909).[2] This court agrees. Sovereign immunity bars such liens because it is not acceptable to allow a private party such power over State property. There are times when individual rights must bow to the rights of the public as a whole. This is one of those times.

It is unfortunate that Vermont does not have the kind of bonding requirement that other states have to protect subcontractors such as Kelley. The issue may be one that needs

---

[2] A lower Connecticut court has more recently concluded in an unpublished opinion that a post-verdict attachment may be obtained against town assets. Kevalis v. Cook, No. UWYCV034002528S, 2006 WL 1148821 (Conn. Super. March 30, 2006). The analysis relied upon state statutes, noted a split of opinion in the trial courts of the state, and does not persuade this court.

consideration by the Legislature, but absent any current legal requirement binding upon the State, the court has nothing to enforce.

## Order

The motion for a writ of attachment is denied. The State's motion to dismiss it as a party is granted. The remaining parties shall submit a proposed discovery schedule by January 31.

Dated at Montpelier this 26th day of December, 2013.

Helen M. Toor
Superior Court Judge